UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>JESSE DAVENPORT, AKA Draco John Flama,<br><br>        Defendant-Appellant. | No.   17-10140<br><br>D.C. No.<br>2:13-cr-00399-MCE-1<br>Eastern District of California,<br>Sacramento<br><br>ORDER |

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

The court's memorandum disposition filed October 26, 2018, is hereby amended. An amended memorandum is filed herewith.

The panel has voted to grant panel rehearing for the purposes of amending the memorandum disposition only, and has voted to deny further panel rehearing. Judge W. Fletcher and Judge Bybee voted to deny the petition for rehearing en banc, and Judge D.W. Nelson recommended denying the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc, filed December 10, 2018, is DENIED. No subsequent petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10140 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-00399-MCE-1 |
| v. | |
| JESSE DAVENPORT, AKA Draco John Flama, | AMENDED MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted October 9, 2018
San Francisco, California

Before:  D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

Jesse Davenport appeals his conviction and 50-year prison sentence on child

pornography charges.  He raises five challenges to his conviction and four to his

sentence.  Although Davenport's challenges to his conviction are without merit, the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court committed two prejudicial errors during sentencing. We affirm

Davenport's conviction and remand the matter for re-sentencing.

## I. CHALLENGES TO THE CONVICTION

1. First, Davenport challenges the district court's decision to allow him to

waive his right to counsel and represent himself before and during trial. A

defendant has the right to proceed without counsel, *Faretta v. California*, 422 U.S.

806, 819–21 (1975), but the district court must first determine that he "understands

1) the nature of the charges against him, 2) the possible penalties, and 3) the

dangers and disadvantages of self-representation." *United States v. Erskine*, 355

F.3d 1161, 1167 (9th Cir. 2004) (internal citation and punctuation omitted). We

review this mixed question of fact and law de novo. *United States v. Neal*, 776

F.3d 645, 657 (9th Cir. 2015).

Here, the district court ensured that Davenport's waiver of counsel was

knowing, intelligent, and voluntary. On three occasions—when Davenport first

requested to represent himself, when he was arraigned on a superseding

indictment, and when Davenport requested that his stand-by counsel be discharged,

the district court advised Davenport of the serious nature of the charges against

him, the wisdom of retaining counsel, and the likelihood of conviction if he chose

to represent himself. The government advised Davenport of the charges on both

the original and superseding indictments and the statutory minimum and maximum penalties he would face if convicted. Thus, the district court did not err in concluding that Davenport understood the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. *See Erskine*, 355 F.3d at 1167.

2. Second, Davenport argues that the district court erred in denying his motion to suppress evidence from a search of his cell phone. He claims his parole officer was without statutory or constitutional authority to search the phone while Davenport was detained in a county jail on suspicion of a parole violation. We review the district court's decision de novo. *United States v. Zapien*, 861 F.3d 972, 974 (9th Cir. 2017).

A California parolee is, by statute, "subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause." *See* Cal. Penal Code § 3067(b)(3). Davenport signed terms of parole consenting to these warrantless statutory searches. The U.S. Supreme Court has upheld California officials' authority to conduct warrantless parole searches pursuant to this statute so long as the searches are not "arbitrary, capricious, or harassing," citing the state's strong interest in preventing recidivism. *See Samson v. California*, 547 U.S. 843, 850,

856 (2006). California authorities may conduct parole searches at any time up until the subject's parole is formally revoked. *See People v. Hunter*, 45 Cal. Rptr. 3d 216, 221 (Cal. Ct. App. 2006).

Davenport remained on parole at the time his parole officer searched his phone, and he raises no argument that the search was arbitrary, capricious, or harassing. Rather, he asks this court to accept his novel interpretation of a 2011 California statute re-aligning the state's parole procedures, which, he argues, implicitly eliminated the state's longstanding investiture of authority in *all* of its peace officers to conduct parole searches. We decline to do so, and affirm the district court's denial of this motion.

3. Third, Davenport argues that the district court violated his Fifth Amendment rights by permitting him to be shackled to a concrete bucket during trial. Because Davenport did not object to his shackling and raises this argument for the first time on appeal, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009).

Davenport has failed to establish the first prong of plain error review, that the district court committed an error. *See id*. As his counsel conceded at oral argument, our controlling precedential opinion is *United States v. Cazares*, 788 F.3d 956 (9th Cir. 2015). In that case, we held that "[v]isibility of the shackles [to

4

the jury] is critical to the determination of the due process issue." *Id.* at 966; *see also Cox v. Ayers*, 613 F.3d 883, 890 (9th Cir. 2010) (applying a conjunctive four-factor test to determine whether shackling was a due process violation; one factor is whether the shackling was seen by the jury). Here, Davenport has presented no evidence that his shackling was visible to the jury—rather, the record reflects that the district court took care to ensure that the jury would be oblivious to the shackling by placing skirts around the counsel tables and prohibiting the government attorneys from standing up in the presence of the jury.

4. Fourth, Davenport argues that the district court violated the Confrontation Clause, U.S. CONST., amd. VI, by limiting his cross-examination of a witness for the government. We review for harmless error. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). Here, we conclude that even if the district court erred in limiting cross-examination, any error was "harmless beyond a reasonable doubt" and would not be sufficient to vacate his conviction. *See id.*

On harmless error review, we consider "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.* Here, the

5

prosecution presented overwhelming testimonial and forensic evidence against Davenport, with electronic data and several other witnesses supporting the relevant witness's testimony. It is beyond any reasonable doubt that the jury's verdict would have remained the same even if Davenport had been permitted to ask the two excluded questions aimed at impeaching this witness on a collateral issue.

5. Finally, Davenport argues that the district court erred in denying his motion for acquittal on a conspiracy charge under Federal Rule of Criminal Procedure 29. We review this decision de novo and consider whether, in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (quoting *United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008)).

Davenport has failed to establish that no rational jury could find him guilty of conspiring to produce child pornography. The jury heard testimony from the filmer of the pornography in question, who testified that Davenport gave her specific and graphic instructions on how to abuse and distract the child victim during filming. This evidence supports a reasonable inference that Davenport and the filmer agreed to, and intended to, produce child pornography. *See, e.g., United*

*States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) (elements of criminal conspiracy).

## II. CHALLENGES TO THE SENTENCE

1. First, Davenport contends that the district court violated the Ex Post Facto Clause, U.S. CONST., art. I, § 9, cl. 3, in calculating his Guidelines range by using the 2016 Sentencing Guidelines, which were in effect at the time of sentencing, rather than the 2012 Sentencing Guidelines, which were in effect at the time of the offense conduct. Because Davenport did not object to the use of the 2016 Guidelines at sentencing, we review for plain error. *See Puckett*, 556 U.S. at 134–35.

The government concedes that the district court erred, and that the error was plain. On the third prong of plain error review, we hold that the error affected Davenport's substantial rights. *See id.* at 135. "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be *sufficient to show a reasonable probability of a different outcome* absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (emphasis added). Further, a Guidelines error that affects substantial rights ordinarily satisfies the fourth prong of plain error review, that the error affects "the fairness, integrity or

7

public reputation of judicial proceedings." *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018).  Thus, we conclude that the district court plainly erred in applying the incorrect Sentencing Guidelines and vacate the sentence.

2.  Second, Davenport argues that the district court inappropriately concluded that he was a "repeat and dangerous sex offender against minors" under U.S.S.G. § 4B1.5(a).  We review the district court's application of the Guidelines to particular facts for abuse of discretion.  *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

We hold that the district court abused its discretion.  The court adopted the findings of a Presentencing Investigation Report that contradicted itself, writing in one section that Davenport's 2011 California conviction for oral copulation with a minor qualified him for the "repeat and dangerous" enhancement, and in another section that it did not.  We conclude that this conviction alone does not qualify Davenport for the enhancement because the California offense conduct as described in the record would not have been sufficient to convict Davenport of any offense described in 18 U.S.C. § 2426(b)(1)(A) had it occurred under federal jurisdiction.  *See* U.S.S.G. § 4B1.5(a), n.3(A)(ii).  We thus remand this matter for the district court to reconsider whether Davenport was eligible for this enhancement.

8

3. Third, Davenport argues that the district court erred in applying a leadership enhancement under U.S.S.G. § 3B1.1(c). We conclude that the district court did not abuse its discretion in doing so because application of this enhancement merely requires a "showing that the defendant had control over others." *United States v. Pimental-Lopez*, 859 F.3d 1134, 1143–44 (9th Cir. 2016). Here, Davenport's co-conspirator provided detailed testimony, supported by text messages and emails, about her role as a "slave" to Davenport's "master." The evidence also established that Davenport provided specific and detailed instructions to the co-conspirator at all stages of the offense.

4. Finally, Davenport asserts that his 600-month prison sentence is substantively unreasonable. Because the district court made two material errors in its Guidelines calculation, we will remand for re-sentencing, without reaching the question of whether the sentence as a whole is reasonable. *United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir. 2006) (citation omitted).

For the forgoing reasons, we **AFFIRM** the judgment of conviction, **VACATE** the sentence, and **REMAND** the matter to the district court for re-sentencing consistent with our disposition.